IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CODY J CANNADAY, <br><br> Plaintiff, <br><br> vs. <br><br> REBECCA MILLER, MORGAN FARQUHAR, and CINDY WIESEN, <br><br> Defendants. | 4:23CV3173 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Cody J. Cannaday filed his Complaint on September 19, 2023. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff sues Rebecca Miller ("Miller"), a Nebraska Department of Health and Human Services ("NDHHS") employee; Judge Morgan Farquhar ("Judge Farquhar"), a Nebraska state court judge; and Cindy Wiesen ("Wiesen") in "Child support enforcement" (collectively "Defendants") in their individual and official capacities under 42 U.S.C. § 1983 for alleged violations of "4th Amendment separation of powers[,] 14th Amendment Due Process[, and the] 10th Amendment." Filing No. 1 at 2–3.

Plaintiff alleges the events giving rise to his claims occurred in the Nuckolls County, Nebraska, court house in Case No. CI19-11 on May 16, 2023, June 20, 2023, and July 18, 2023. *Id*. at 4. Plaintiff's statement of his claim consists entirely of the following:

> My civil rights were violated I served all parties COL Violation warnings and they are forcing me to attend said hearings with threats of imprisonment, they revoked my license without due process, garnished my wage without

> consent, ruined my credit, I lost my house due to these garnishments and many other things I had to sale [sic] off, they failed to uphold their oath, and have ruined my life I now suffer from general anxiety disorder stemming from stress of not knowing how I'm going to get threw [sic] life, before child support came into my life I did not have these medical problems I could afford to live and take care of my children, I have not seen my children in over 4 years due to lack of money to hire a lawyer. I lost my children without due cause I lost everything, I can not perform the work that I used to do directly due to these medical issues[.]

*Id*. at 7 (spelling corrected). The state court records in District Court of Nuckolls County, Nebraska, Case No. CI19-11 (the "State Case") show that Plaintiff was ordered by Judge Farquhar to pay certain amounts in child support, that Miller, an authorized attorney for NDHHS, sought an order directing Plaintiff to show cause why he should not be held in contempt for failing to pay child support as previously ordered, and that Judge Farquhar entered an order to show cause and required Plaintiff to appear for hearings on May 16, 2023, June 20, 2023, and July 18, 2023. On or about September 20, 2023, Judge Farquhar found Plaintiff, who appeared with appointed counsel, to be in contempt of court, sentenced Plaintiff, and deferred sentence for so long as Plaintiff paid the purge plan payments ordered by the court.[1]

As relief, Plaintiff seeks a "full refund of garnished money from my checks, and $100,000 from each party involved in these violations," as well as "all medical bills paid due to the mental brake downs [sic] medication paid and paid counseling, . . . [and] lost wages from date that I could not continue to work due to medical issues caused by duress." *Id*. (spelling corrected).

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *Erin Cannaday v. Cody Cannaday*, Case No. CI19-11, District Court of Nuckolls County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged

3

deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint fails to state a claim for relief against any of the named Defendants and should be dismissed.

**A. Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages from Defendants in their individual and official capacities. As discussed above, the Eleventh Amendment bars monetary damages claims against the state, its instrumentalities, and state employees sued in their official capacities. Miller is alleged to be a state employee of NDHHS, Judge Farquhar is a state court judge, and Wiesen appears to be a state employee working in child support enforcement on behalf of NDHHS. As such, Defendants all enjoy sovereign immunity for damages claims made against them in their official capacities absent a waiver of immunity

4

by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Therefore, Plaintiff's claims against Defendants in their official capacities must be dismissed.

## B. Individual Capacity Claims

While sovereign immunity does not bar Plaintiff's claims for damages against Defendants in their individual capacities, the Court finds the Plaintiff's Complaint fails to state a plausible claim for relief against any of the named Defendants.

As an initial matter, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also* Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are

stated as factual allegations.  See Iqbal, 556 U.S. at 678.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)).

Here, Plaintiff's Complaint fails to meet these pleading standards.  Plaintiff alleges in conclusory fashion that Defendants violated his civil rights and revoked his license without due process, but he alleges no facts about what any of the Defendants actually did that would suggest unconstitutional conduct on their part.  Moreover, even if the Court liberally construes Plaintiff's Complaint in light of the records judicially noticed in the State Case, Plaintiff's Complaint still fails to state a plausible claim for relief against any of the Defendants.

1. *Judge Farquhar*

Liberally construed, Plaintiff sues Judge Farquhar for damages arising out of Judge Farquhar's orders in the State Case.  However, Plaintiff cannot recover damages for Judge Farquhar's actions taken in the State Case as Judge Farquhar is entitled to absolute immunity from such claims.  A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances.  Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012).  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (internal citations omitted).  An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." Id. (internal citations omitted).  Clearly, Judge

6

Farquhar's actions in ordering Plaintiff to appear for hearings in the State Case, garnishing his wages, and imposing sanctions for failure to comply with any court orders were judicial actions for which Judge Farquhar is absolutely immune. Thus, Plaintiff's claims against Judge Farquhar in his individual capacity must be dismissed.

   2. *Miller*

As best the Court can tell from the State Case records, Miller is an attorney acting for NDHHS to collect court-ordered child support payments from Plaintiff. As an attorney essentially prosecuting Plaintiff for failure to pay child support, Miller would be entitled to immunity for any actions she may have taken in the State Case. See *Ausler v. Stubblefield*, No. 6:17-CV-03004-MDH, 2017 WL 6523147, at *2 (W.D. Mo. Feb. 24, 2017) (prosecuting attorney involved in plaintiff's state court child support proceedings entitled to immunity) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983")). Thus, Plaintiff's claims against Miller must be dismissed.

   3. *Wiesen*

The Court could not discern Wiesen's role in the State Case, but assumes she is somehow involved with enforcing the state court's orders requiring Plaintiff to pay child support. As Plaintiff does not allege any facts suggesting Wiesen's personal involvement in the alleged wrongful conduct referenced in the Complaint, he has failed to state a claim upon which relief can be granted against Wiesen. See *Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). Moreover, to the extent Plaintiff seeks relief against Wiesen for enforcing

7

the state court's child support orders in the State Case, Wiesen would be entitled to absolute immunity for any actions taken in carrying out the state court's orders. Individuals "'perform[ing] functions essential to the judicial process' enjoy absolute immunity against suit based on those actions." *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (quoting *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987)); *see also Mikhail v. Kahn*, 572 F. App'x 68, 71 (3d Cir. 2014) ("Individuals charged with the duty of carrying out facially valid court orders enjoy quasi-judicial absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.").

Additionally, Plaintiff's claims against Wiesen, Miller, and Judge Farquhar related to his child support proceedings in the State Case are barred by the *Rooker-Feldman* doctrine and the domestic relations exception as explained below.

## C.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), because "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and internal quotations omitted).  The *Rooker-Feldman* doctrine generally applies where a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced, and inviting the district court to review and reject that judgment.

See *Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Challenges to the actions to enforce a state court judgment are considered a challenge to the judgment itself. *Dietrich v. City of Grosse Pointe Park*, No. 17-1387, 2017 WL 11645272, at *3 (6th Cir. Sept. 29, 2017) (citing *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

Here, to the extent Plaintiff claims injury arising out of Defendants' enforcement of orders entered in the State Case and seeks relief from the state court's garnishment orders, such claims are barred by *Rooker-Feldman* and must be dismissed.

D. **Domestic Relations Doctrine**

Apart from and in addition to the *Rooker-Feldman* doctrine, a legal principle known as the domestic relations exception to federal jurisdiction also stands as an independent bar to federal subject matter jurisdiction over Plaintiff's claims related to the State Case. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). With respect to family law matters, the domestic relations exception divests the federal courts of jurisdiction over a narrow range of cases implicating domestic relations issues, such as divorce, allowance of alimony, child custody, and child support. See *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Kahn*, 21 F.3d at 861. This doctrine precludes federal suit involving "a remedy which is essentially domestic—where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." *Wallace*, 736 F.3d at 767. No matter how styled, the domestic relations

9

exception disallows domestic claims "cloaked in the 'trappings' of another type of [federal] claim." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078–79 (5th Cir. 1990)). Thus, Plaintiff's claims related to his child support proceedings in the State Case are barred by the domestic relations exception.

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief against any of the named Defendants and his claims related to his child support proceedings in the State Case are barred by the *Rooker-Feldman* doctrine and domestic relations exception. Accordingly, the Court will dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) without prejudice and without leave to amend as further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint, Filing No. 1, is dismissed without prejudice.

2. The Court will enter a separate judgment.

Dated this 18th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge